THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HÉCTOR TORRES ALVARADO and ROBERTO GUILBE RIVERA, Defendants and Appellants.

No. CR-67-74.     Decided December 30, 1969.

*William Morales Torres* for Héctor Torres Alvarado. *Pedro Malavet Vega* for Roberto Guilbe Rivera. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

PER CURIAM: Appellants, Héctor Torres Alvarado and Roberto Guilbe Rivera, were convicted by a jury of the offense of burglary in the first degree. Torres Alvarado was also found guilty by the court of violation of § 4 of the Weapons Law.

In order that we reverse the judgments entered against him, appellant Torres Alvarado assigns (1) that it was an error to admit incriminatory evidence seized in a different place from that of defendant's arrest without a search warrant; (2) that the court erred in allowing the jury to receive evidence of incriminatory statements made by defendant Torres Alvarado, without having legal assistance and without being warned about his right not to testify.

The other appellant, Guilbe Rivera, has not filed his brief in support of the appeal, nor has shown causes, as we ordered him, why his appeal should not be set aside for abandonment.

During the night of April two to three, 1966, a telephone call was received at the police station of Coamo, informing that the commercial establishment "Coamo Trading" located in Betances Street of said town was being burglarized. Police Sergeant Leonardo Ortiz, and five other agents went to said commercial establishment. When they arrived they noticed that a gate which was at the left-hand side had been forced. Some agents entered through the right side and others through the left side. When the agents entered, three persons came out running from the business. Two of those persons were running in the direction where the sergeant had fallen while jumping into the establishment's yard. One of those two persons was defendant Torres Alvarado. The sergeant grasped him and they started to struggle. The sergeant testified ". . . I fell on top of some poppy bushes and a chicken wire which is there and he grasped me and told me 'son of a bitch, now I am going to stab you,' and I saw that he took out something and aimed at me, but I jumped to the side of the poppy bushes, and the instrument, whatever it might have been, he apparently could not take it out of the poppy bushes, and while we tried to stand up he punched me on the left side of the face and jumped over the fence and continued running and I followed him and he went through different backyards and houses' roofs, until finally he jumped to the backyard of the residence of the mother of this man Arocho, whose name I do not remember, and opened the gate and we arrested him there while he was under the house."

They took appellant to the police station. The agents returned to the place and arrested William Guzmán Figueroa, who was under a house.

At the place where appellant aimed at the sergeant with an instrument, a bayonet was found hooked on the chicken wire.

When the two arrested persons were at the police station, the police returned to the scene of the events and found an automobile parked about a block away from the burglarized establishment[1] and whose license plates corresponded to those which had been given by telephone to the police. The doors of the vehicle were not locked. They took it to the police station and there Torres Alvarado gave them the keys of said vehicle. In his presence the police opened the trunk and in the same they found a drill, several mechanic tools, and a flashlight which had a board with a little hole inside.

Codefendant Guilbe Rivera was arrested in the morning.

Appellant Torres Alvarado did not introduce any evidence for the defense. The other defendant, Guilbe Rivera, testified in his favor and denied the facts charged against him.

The first error was not committed. Although it is true that some of the objects found in the trunk of the automobile were introduced in evidence, it appears from the record that contrary to what appellant alleges, said evidence was admitted without his objection.

When Sergeant Leonardo Ortiz testified that ". . . Torres gave me the key and told me that the vehicle was his, he gave me the key"; the defense objected to what defendant said and the court sustained it.

It is true that while policeman Raúl Hernández was testifying, the defense was opposed to his testifying about defendant's statements and that the court dismissed the objection. However, the prosecuting attorney continued on another line of examination and the said policeman did not

---

[1] The business manager, who is the son of the owner of the same, testified that a lock and a door were forced and that he found at the office papers on the floor, books, and files, everything in disorder.

testify, neither after nor before the objection of the defense, about statements made by defendant-appellant. From a careful study of the transcript of evidence, no opposition appears on the part of appellant to the admission of the evidence seized in the trunk of the automobile. Under these circumstances, the rule of the case of *People* v. *Sosa Díaz*, 90 P.R.R. 606 (1964), is not applicable.

■ In discussing the first error we have disposed also of the second, since the sole incriminatory statement made by appellant without legal assistance and without the pertinent legal warnings as to his right to remain silent, and which, as we have seen, was to the effect that the automobile was his, was not admitted in evidence.

■ It is true that when the court sustained the objection of the defense to such statements, his counsel requested to charge the jury not to take them into consideration, to which the magistrate replied to reproduce the request when he was about to give the instructions. Appellant did not do so. The magistrate asked the parties whether they had any request for instructions and they answered none. The indicated omission, therefore, all the circumstances of this case having been considered, does not justify the reversal of the judgments.

Insofar as the appeal filed by codefendant Guilbe Rivera is concerned, no error has been assigned nor have we found that any was committed.

The judgments appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Hernández Matos did not participate herein. Mr. Justice Blanco Lugo concurs in the result.